**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Anthony P. Lane,** | **CASE NO. 1:19 CV 2746** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Department of Veterans Affairs,** | |
| **Defendant.** | |

*Pro se* Plaintiff Anthony P. Lane filed this action against the Department of Veterans Affairs to contest their determination of his claim to entitlement to an earlier effective date and evaluation for service connected medical conditions. He seeks the increase in benefits to which he claims he is entitled. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). In this case, the Veteran's Judicial Review Act ("VJRA") vests exclusive jurisdiction over claims regarding veterans benefits with the Court of Veterans Appeals (CVA). Those decisions are reviewed by the Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 511, 7252, 7292; *Newsom v. Dep't of Veterans Affairs*, 8 Fed.Appx. 470, 471 (6th Cir. 2001); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *Krueger v. United States*, No. 17-CV-10574, 2017 WL 5467743, at *4 (E.D. Mich. Nov. 14,

2017). This jurisdiction extends to "all questions of law and fact ... that affect[ ] the provision of benefits ... to veterans." 38 U.S.C. §§ 511, 7252, 7292; *Beamon*, 125 F.3d at 967. This Court lacks subject matter jurisdiction over Plaintiff's claim. *Rodriguez v. United States*, 2015 WL 4389635, at *1 (N.D. Ohio July 15, 2015) (citing *Beamon*, 125 F.3d at 967).

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/23/20